UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-60014-CIV-COHN/SELTZER

DAVID B. MURSTEN,

   Plaintiff,

v.

NICK A. CAPORELLA,

   Defendant.

_____/

**DEFENDANT NICK A. CAPORELLA'S
ANSWER AND AFFIRMATIVE DEFENSES**

   Defendant Nick A. Caporella ("Caporella" or "Defendant'), for his Answer to the Complaint of Plaintiff David B. Mursten ("Mursten" or "Plaintiff"), states and alleges as follows:

**Parties, Jurisdiction and Venue**

   1. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 of the Complaint.

   2. Defendant admits paragraph 2 of the Complaint.

   3. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Plaintiff's citizenship, but admits that Defendant is a citizen of Florida.

   4. Defendant admits venue is proper under 28 U.S.C. §1391(b)(1), but lacks knowledge or information sufficient to form a belief about the truth of the balance of the allegations in paragraph 4 of the Complaint.

**Factual Allegations**

5. Defendant denies the "he has exercised complete control" allegation of paragraph 5 and admits the rest of the allegations in paragraph 5 of the Complaint.

6. Defendant admits that Mursten was assistant counsel for CMA between 2006 and 2008, and denies the remaining allegations in paragraph 6 of the Complaint.

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7 of the Complaint.

8. Defendant denies the allegations in paragraph 8 of the Complaint.

9. Defendant denies the allegations in paragraph 9 of the Complaint.

10. Defendant denies the allegations in paragraph 10 of the Complaint.

11. Defendant denies the allegations in paragraph 11 of the Complaint.

12. Defendant denies the allegations in paragraph 12 of the Complaint.

13. Defendant denies the allegations in paragraph 13 of the Complaint.

14. Defendant denies the allegations in paragraph 14 of the Complaint.

15. Defendant denies the allegations in paragraph 15 of the Complaint.

16. Defendant denies the allegations in paragraph 16 of the Complaint, except for paragraph 16(b) which is admitted as to a brief period of time.

17. Defendant denies the allegations in paragraph 17 of the Complaint.

18. Defendant denies the allegations in paragraph 18 of the Complaint.

19. Defendant denies the allegations in paragraph 19 of the Complaint.

20. Defendant denies the allegations in paragraph 20 of the Complaint.

21. Defendant denies the allegations in paragraph 21 of the Complaint, and lacks sufficient knowledge or information to form a belief about the time and place of the alleged meeting.

22. Defendant denies the allegations in paragraph 22 of the Complaint.

23. Defendant denies the allegations in paragraph 23 of the Complaint.

## COUNT I - BREACH OF CONTRACT

24. Defendant incorporates paragraphs 1 through 23, above.

25. Defendant denies the allegations in paragraph 25 of the Complaint.

26. Defendant denies the allegations in paragraph 26 of the Complaint.

27. Defendant denies the allegations in paragraph 27 of the Complaint.

28. Defendant denies the allegations in paragraph 28 of the Complaint.

29. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29 of the Complaint.

## DEFENSES

1. Plaintiff's claim is barred by the lack of subject-matter jurisdiction.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claim is barred in whole or in part by the statute of limitations, including Florida Statutes § 95.11(4)(c)(1).

2. Plaintiff's claim is barred in whole or in part by the statute of frauds, Florida Statutes § 725.01, in that the alleged oral agreement was not to be performed within one year.

3. Plaintiff's claim is barred in whole or in part by the doctrine of laches, as Plaintiff delayed unreasonably in pursuing his purported claim on an oral contract, which, according to his allegations, he has been aware of since 2010.

Dated:  February 19, 2014.

Respectfully submitted,

By: */s/ Bruce S. Rogow*

| | |
|---|---|
| WILLIAM R. SCHERER<br>Florida Bar No. 169454<br>JAMES F. CARROLL<br>Florida Bar No. 948681<br>**CONRAD & SCHERER, LLP**<br>wscherer@conradscherer.com<br>jfc@conradscherer.com<br>633 South Federal Highway, 8th FL<br>Fort Lauderdale, FL 33301<br>Telephone: (954) 462-5500<br>Facsimile: (954) 463-9244 | BRUCE S. ROGOW<br>Florida Bar No.  67999<br>TARA A. CAMPION<br>Florida Bar No. 90944<br>**BRUCE S. ROGOW, P.A.**<br>brogow@rogowlaw.com<br>tcampion@rogowlaw.com<br>500 East Broward Blvd., Suite 1930<br>Fort Lauderdale, FL 33394<br>Telephone:  (954) 767-8909<br>Facsimile:   (954) 764-1530 |

*Counsel for Defendant Nick A. Caporella*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 19, 2014, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served on this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

By: */s/ Bruce S. Rogow*

## SERVICE LIST

*Counsel for Plaintiff*
JEFFREY B. CROCKETT
PAUL J. SCHWEIP
**COFFEY BURLINGTON, P.L.**
2699 South Bayshore Drive, Penthouse
Miami, Florida  33133
Telephone:  305-858-2900
Fax:  305-858-5261

*Co-counsel for Defendant*
CHRIS GAIR
**GAIR LAW GROUP, LTD**.
1 East Wacker Drive
Suite 2050
Chicago, IL 60601
Telephone: (312) 600-4900
*Appearing pro hac vice*