UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-60014-CIV-COHN
Magistrate Judge Snow

DAVID B. MURSTEN,

       Plaintiff,

v.

NICK A. CAPORELLA,

       Defendant.
_____/

**DEFENDANT NICK A. CAPORELLA'S
AMENDED ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Nick A. Caporella ("Caporella" or "Defendant"), for his Amended Answer and Affirmative Defenses to the Complaint of Plaintiff David B. Mursten ("Mursten" or "Plaintiff"), states and alleges as follows:

**Parties, Jurisdiction and Venue**

1. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 of the Complaint.

2. Defendant admits paragraph 2 of the Complaint.

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Plaintiff's citizenship, but admits that Defendant is a citizen of Florida.

4. Defendant admits venue is proper under 28 U.S.C. §1391(b)(1), but lacks knowledge or information sufficient to form a belief about the truth of the balance of the allegations in paragraph 4 of the Complaint.

**Factual Allegations**

5. Defendant denies the "he has exercised complete control" allegation of paragraph 5 and admits the rest of the allegations in paragraph 5 of the Complaint.

6. Defendant admits that Mursten was assistant counsel for CMA between 2006 and 2008, and denies the remaining allegations in paragraph 6 of the Complaint.

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7 of the Complaint.

8. Defendant denies the allegations in paragraph 8 of the Complaint.

9. Defendant denies the allegations in paragraph 9 of the Complaint.

10. Defendant denies the allegations in paragraph 10 of the Complaint.

11. Defendant denies the allegations in paragraph 11 of the Complaint.

12. Defendant denies the allegations in paragraph 12 of the Complaint.

13. Defendant denies the allegations in paragraph 13 of the Complaint.

14. Defendant denies the allegations in paragraph 14 of the Complaint.

15. Defendant denies the allegations in paragraph 15 of the Complaint.

16. Defendant denies the allegations in paragraph 16 of the Complaint, except for paragraph 16(b) which is admitted as to a brief period of time.

17. Defendant denies the allegations in paragraph 17 of the Complaint.

18. Defendant denies the allegations in paragraph 18 of the Complaint.

19. Defendant denies the allegations in paragraph 19 of the Complaint.

20. Defendant denies the allegations in paragraph 20 of the Complaint.

21. Defendant denies the allegations in paragraph 21 of the Complaint, and lacks

sufficient knowledge or information to form a belief about the time and place of the alleged meeting.

22. Defendant denies the allegations in paragraph 22 of the Complaint.

23. Defendant denies the allegations in paragraph 23 of the Complaint.

## COUNT I - BREACH OF CONTRACT

24. Defendant incorporates paragraphs 1 through 23, above.

25. Defendant denies the allegations in paragraph 25 of the Complaint.

26. Defendant denies the allegations in paragraph 26 of the Complaint.

27. Defendant denies the allegations in paragraph 27 of the Complaint.

28. Defendant denies the allegations in paragraph 28 of the Complaint.

29. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29 of the Complaint.

## DEFENSES

1. Plaintiff's claim is barred by the lack of subject-matter jurisdiction.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claim is barred in whole or in part by the statute of limitations, including Florida Statutes § 95.11(4)(c)(1).

2. Plaintiff's claim is barred in whole or in part by the statute of frauds, Florida Statutes § 725.01, in that the alleged oral agreement was not to be performed within one year.

3. Plaintiff's claim is barred in whole or in part by the doctrine of laches, as Plaintiff delayed unreasonably in pursuing his purported claim on an oral contract, which, according to his allegations, he has been aware of since 2010.

4. Plaintiff's claim is barred for a lack of consideration to support the alleged oral

agreement or any alleged reaffirmations thereof.

5. Plaintiff's claim is barred by accord and satisfaction as to any and all services provided by Plaintiff. For example, though not in connection with any non-existent oral agreement alleged by Plaintiff, a payment of $40,000 was made to and accepted by Plaintiff on or about November 3, 2011. But that payment was not for 1% of $4 million alleged at paragraph 22 of the Complaint. Rather, Plaintiff accepted that payment and referred to it as being "excessive and generous," not 99% underpaid.

6. Plaintiff's claim is barred by payment as to any and all services provided by Plaintiff. For example, though not in connection with any non-existent oral agreement alleged by Plaintiff, a payment of $40,000 was made to Plaintiff on or about November 3, 2011. But that payment was not for 1% of $4 million alleged at paragraph 22 of the Complaint. Rather, Plaintiff accepted that payment and referred to it as being "excessive and generous," not 99% underpaid.

7. Plaintiff fails to state a cause of action because the alleged oral agreement, while denied, constituted an unenforceable agreement to agree. *Bergman v. DeIulio*, 826 So. 2d 500, 502 (Fla. 4th DCA 2002).

8. Plaintiff fails to state a cause of action because the alleged oral agreement lacked definiteness as to all necessary and material terms. This is evidenced by, among other things, the hodgepodge of tasks and services Plaintiff allegedly performed for Defendant as set forth in paragraph 16(a-g) of the Complaint.

9. Plaintiff fails to state a cause of action because the alleged oral agreement, including the alleged agreement to transfer stock in National Beverage (a publicly traded company), while denied, would have been required as a matter of law to be in writing and, therefore, is unenforceable.

10. Plaintiff fails to state a cause of action because the alleged oral agreement violated state and/or federal securities laws and was therefore unenforceable. In addition, Plaintiff was not a registered securities dealer at the time of the alleged oral agreement (or ever). *See, e.g., Umbel v. Foodtrader.com, Inc.*, 820 So. 2d 372, 374 (Fla. 3d DCA 2002), *rev. denied*, 839 So. 2d 701 (Fla. 2003).

11. Plaintiff fails to state a cause of action to the extent the alleged oral agreement violated the Florida Rules of Professional Conduct, including, Rules 4-1.5(a), 4-1.5(f), and 4-1.8(a). *See The Florida Bar v. Doherty*, 94 So. 3d 443, 447-450 (Fla. 2012); *Santiago v. Evans*, 2012 WL 3231025, *6 (M.D. Fla. 2012), *and cases cited therein.* Plaintiff alleges he was and is an attorney licensed to practice in Florida. Plaintiff alleges he "would provide advice and counsel" to Defendant with regard to the proposed business transaction. As remuneration for those alleged services to be provided, Plaintiff alleges he and Defendant entered into an oral agreement for Plaintiff to acquire as much as $4 million in Caporella's National Beverage Stock.

12. The writings allegedly confirming or corroborating the oral agreement referred to in paragraphs 7 and 22 of Plaintiff's Complaint neutralize and / or negate Plaintiff's cause of action as those writings affirmatively disprove the claim and render it a nullity.

13. Plaintiff is barred and/or estopped from pursuing his claim, though otherwise non-actionable, due to his own misconduct. In connection with his role as an attorney and advisor, Plaintiff owed fiduciary duties and ethical obligations to Defendant and those entities with which Defendant was affiliated, including National Beverage Corp. (National Beverage) and Corporate Management Advisors, Inc. (CMA). Moreover, Plaintiff signed a written Confidentiality Agreement with CMA (and its related or affiliated entities, including National Beverage) and signed a written

5

Confidentiality and Non-Disclosure Agreement with National Beverage (and its subsidiaries and affiliates) in which he agreed to keep in the strictest of confidence information relating to those companies.  In reliance upon those ethical and written undertakings by Plaintiff, he was given access to the personal records and confidential information of the Defendant (including Defendant's private e-mail and cell phone accounts and records and the passwords to same) as well as the confidential records and information of National Beverage and CMA (which he also obtained at least in part through the Defendant).  Plaintiff breached his fiduciary duties, breached his ethical obligations, and violated his contractual obligations in confiscating information confidential to Defendant, National Beverage, and CMA, disclosing that information to third parties, and misusing that information to pursue this frivolous lawsuit.

14. Plaintiff's claim is barred due to a lack of privity.

              WALDMAN  TRIGOBOFF HILDEBRANDT
                MARX & CALNAN, P.A.
              500 East Broward Boulevard, Suite 1700
              Co-counsel for Defendant
              Fort Lauderdale, Florida 33394
              Telephone:  (954) 467-8600
              Facsimile:   (954) 467-6222

              By:   /s Glenn J. Waldman
                Glenn J. Waldman
                Gwaldman@waldmanlawfirm.com
                Florida Bar No. 374113
                Craig J. Trigoboff
                Florida Bar No.  880541
                Ctrigoboff@waldmanlawfirm.com
                Douglas T. Marx
                Florida Bar No. 0089834
                Dmarx@waldmanlawfirm.com

Bruce S. Rogow, Esq.
brogow@rogowlaw.com

Tara A. Campion, Esq.
tcampion@rogowlaw.com
Co-Counsel for Defendant
BRUCE S. ROGOW, P.A.
500 East Broward Boulevard, Suite 1930
Fort Lauderdale, Florida 33394
Telephone:     (954) 767-8909
Facsimile:     (954) 764-1530

7

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the following was e-filed through the Electronic Case Filing System (CM / ECF), and E-mailed to counsel for Plaintiff, Jeffrey B. Crockett, Esq., jcrockett@coffeyburlington.com, Paul J. Schwiep, Esq., pschwiep@coffeyburlington.com, Erika S. Handelson, Esq., ehandelson@coffeyburlington.com, Coffey Burlington, P.L., 2601 South Bayshore Drive, Penthouse, Miami, Florida 33133, on July 8, 2014.

                              WALDMAN TRIGOBOFF HILDEBRANDT
                                  MARX & CALNAN, P.A.
                              Counsel for Defendant
                              Broward Financial Center • Suite 1700
                              500 East Broward Boulevard
                              Fort Lauderdale, Florida  33394
                              Telephone:     (954) 467-8600
                              Facsimile:      (954) 467-6222

                              By:  /s Glenn J. Waldman
                                    Glenn J. Waldman
                                    Gwaldman@waldmanlawfirm.com
                                    Florida Bar No. 374113
                                    Craig J. Trigoboff
                                    Florida Bar No.  880541
                                    Ctrigoboff@waldmanlawfirm.com

Bruce S. Rogow, Esq.
brogow@rogowlaw.com
Tara A. Campion, Esq.
tcampion@rogowlaw.com
Co-Counsel for Defendant
BRUCE S. ROGOW, P.A.
500 East Broward Boulevard, Suite 1930
Fort Lauderdale, Florida 33394
Telephone:     (954) 767-8909
Facsimile:      (954) 764-1530