UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-60014-CIV-COHN/SNOW

DAVID B. MURSTEN,

    Plaintiff,

v.

NICK A. CAPORELLA,

    Defendant.

_____/

## ORDER DENYING MOTION FOR SANCTIONS

**THIS CAUSE** is before the Court upon Defendant's Motion for Sanctions [DE 143] ("Motion"). The Court has reviewed the Motion and the record in this case, and is otherwise advised in the premises. For the reasons discussed herein, the Court will deny the Motion.

### I. BACKGROUND

This case arose from a contract dispute between Plaintiff David B. Mursten and Defendant Nick A. Caporella, founder of National Beverage Corp. ("NBC"). In his Complaint, Mursten alleged that Caporella breached an oral agreement (the "Dr. Pepper Deal") under which Mursten was to provide his advice and counsel relating to an acquisition of NBC in exchange for a portion of Caporella's profit on the transaction, or alternative compensation if the deal fell through. DE 1 (Complaint) ¶¶ 8–11. On October 2, 2014, the Court granted summary judgment in Caporella's favor, finding that the alleged contract between the parties was unenforceable. DE 171.

While the parties litigated the merits of the action, Caporella also filed his Motion, seeking sanctions against Mursten on several grounds. Though Mursten's claim has

been resolved, Caporella's request for sanctions remains pending. The Court now turns to the parties' arguments on the issue of sanctions.

## II. DISCUSSION

In the Motion, Caporella contends that Mursten filed a claim plainly barred by the statute of limitations, prior payment, and judicial estoppel, all upon an unenforceable oral contract. Caporella argues that the filing of such an unsupportable claim warrants sanctions on multiple legal bases. Caporella first invokes Rule 11 of the Federal Rules of Civil Procedure, which allows for the imposition of sanctions for filing papers without a factual or legal basis, or for an improper purpose. See Massengale v. Ray, 267 F.3d 1298, 1301–02 (11th Cir. 2001) (per curiam). Caporella also proceeds under 28 U.S.C. § 1927, which provides for the payment of costs and fees where an attorney has unreasonably and vexatiously multiplied the proceedings in a case. Finally, Caporella appeals to the Court's inherent authority, which permits the Court to assess a variety of sanctions upon a finding of bad faith. See Barnes v. Dalton, 158 F.3d 1212, 1214 (11th Cir. 1998). However, the Court determines that Mursten's claim in this action was not so baseless as to support an award of sanctions under any standard. The Court therefore will deny Caporella's request for sanctions in its entirety.

### A. The Statute of Limitations Did Not Plainly Foreclose Mursten's Claim

Caporella first argues that Mursten should be sanctioned under Rule 11 because his claim was clearly barred by the statute of limitations at the time of filing. DE 143 at 12 (citing Pierce v. Commercial Warehouse, 142 F.R.D. 687, 690 (M.D. Fla. 1992)). According to Caporella, Mursten's claim in this suit was one for unpaid wages. Id. Under Florida law, a two-year statute of limitations applies to suits to recover wages. Fla. Stat. § 95.11(4)(c). In the Complaint, Mursten alleged that Caporella breached the Dr. Pepper

2

Deal in November 2011. See Compl. ¶ 23. However, Mursten did not file this suit until January 2014, more than two years later. Caporella thus contends that Mursten's claim was clearly barred by the statute of limitations, and that its filing was frivolous.

But under Florida law, the term "wages" for limitations purposes is narrowly construed. See Med. Cost Control & Mgmt., Inc. v. Dougherty, O'Malley & Mills, P.A., 791 So. 2d 498, 499 (Fla. 2d DCA 2001). "Courts usually restrict the term 'wages' to sums paid as hire to domestic or menial servants and those employed in various manual occupations." Nealon v. Right Human Res. Consultants, Inc., 669 So. 2d 1120, 1121 (Fla. 3d DCA 1996). In contrast, the courts tend to view payments for professional or executive services as "salary," and not within the scope of the two-year limitations period of section 95.11(4)(c). See Forehand v. Int'l Bus. Machs. Corp., 586 F. Supp. 9, 10–11 (M.D. Fla. 1984), aff'd, 783 F.2d 204 (11th Cir. 1986).

In this case, Mursten alleged that he contracted to provide his professional consulting and advising services to Caporella. In light of existing Florida caselaw, Mursten had a good-faith basis to argue that payment for these services would not constitute "wages" for limitations purposes, and that the two-year statute of limitations in section 95.11(4)(c) would not apply. See Forehand, 586 F. Supp. at 10–11.[1] Mursten's characterization of his claim as one for breach of an oral agreement, and thus subject to

---

[1] Caporella suggests that Mursten should be precluded from arguing that his claim was not one to recover wages because the Complaint's prayer for relief sought attorneys' fees under Fla. Stat. § 448.08. See Compl. at 10. Section 448.08 provides for the award of attorneys' fees "to the prevailing party in an action for unpaid wages." However, "wages" in the context of section 448.08 has a broader meaning than the same term in relation to section 95.11. See Iamaio v. Kite, 531 So. 2d 400, 401 (Fla. 2d DCA 1988). That Mursten sought attorneys' fees under section 448.08 therefore does not foreclose his argument that this is not an action to recover wages for limitations purposes.

a four-year statute of limitations (see Fla. Stat. § 95.11(3)(k)) also is not unreasonable. Were Mursten's claim subject to a four-year statute of limitations, his Complaint would have been timely filed.

Rule 11 provides for sanctions upon a frivolous pleading with no reasonable factual basis or legal chance of success. See Anderson v. Smithfield Foods, Inc., 353 F.3d 912, 915 (11th Cir. 2003) (per curiam). But because Mursten had a colorable argument that he timely filed his claim, an award of Rule 11 sanctions on the basis of filing time-barred claims would be inappropriate.

### B. Payments Mursten Received Do Not Unequivocally Refute His Claim

Caporella also contends that Mursten should be sanctioned because his claim is refuted by payments he received. Mursten alleged in his Complaint that under the Dr. Pepper Deal, he was to receive no compensation until the end of the agreement's term. Compl. ¶ 10. But Mursten received $117,748 in periodic payments for services he contends he performed pursuant to the Dr. Pepper Deal. See DE 143 at 15–16. Caporella argues that these payments "prov[e] Mursten's entire claim to be false and fabricated." Id. at 16. However, that Mursten received payments after the parties arrived at the Dr. Pepper Deal does not demonstrate that Mursten's allegations regarding the formation of the deal were fabricated, or that Mursten received all of the funds to which he was entitled. The Court thus rejects Caporella's argument that the payments Mursten received prove Mursten's claim to be fabricated or otherwise frivolous.

### C. Mursten's Claim Was Not So Plainly Barred by Judicial Estoppel to Warrant Sanctions

Caporella next argues that Mursten's claim was barred by judicial estoppel. In divorce proceedings that took place after the alleged formation of the Dr. Pepper Deal

4

but before the filing of this suit, Mursten failed to disclose his entitlement to payment under the Dr. Pepper Deal, or any other sums owed to him by Caporella, among his income or assets. See DE 143 at 20. Caporella contends that judicial estoppel prevents Mursten from taking a contrary position to now argue that Caporella does owe him money under the Dr. Pepper Deal.

"Because this is a diversity case, the application of the doctrine of judicial estoppel is governed by state law." Original Appalachian Artworks, Inc. v. S. Diamond Assocs., Inc., 44 F.3d 925, 930 (11th Cir. 1995) (per curiam). Under Florida law, "judicial estoppel bars a party who successfully takes a position in a prior judicial proceeding from asserting a conflicting position in a subsequent action to the prejudice of another party." Hill v. MTLC Inv., Ltd. (In re Hill), 332 B.R. 835, 841 (Bankr. M.D. Fla. 2005). Absent special fairness and policy considerations, judicial estoppel will usually apply only where the parties are the same in the prior and current actions. See Grau v. Provident Life & Accident Ins. Co., 899 So. 2d 396, 400 (Fla. 4th DCA 2005).

The parties to Mursten's divorce case are not the same as the parties in this suit. Mursten thus has a strong argument that the doctrine of judicial estoppel did not bar him from taking a position contrary to statements he made in his divorce proceedings. See id. at 400–01. Accordingly, the Court rejects Caporella's contention that Mursten was so obviously estopped from asserting a debt owed by Caporella that Mursten's claim upon the Dr. Pepper Deal rises to the level of sanctionable conduct.

### D. Though the Court Found the Dr. Pepper Deal Unenforceable by Mursten, Mursten's Contrary Arguments Were Not Frivolous

Finally, Caporella argues that Mursten's claim for breach of the Dr. Pepper Deal was frivolous because the agreement was unenforceable from its inception. The Rules

Regulating the Florida Bar require that certain agreements between lawyers and their clients be in writing. See Fla. R.P.C. 4-1.5, 4-1.8(a). Caporella argues that Mursten was his lawyer, and that the Dr. Pepper Deal would have been either a contingent-fee arrangement or a lawyer-client business transaction that should have been in writing. Because the Dr. Pepper Deal allegedly was an oral agreement, however, Caporella argues that it would have been unenforceable as a matter of law, and that Mursten's claim for breach of the agreement was frivolous. DE 143 at 17–19.

In its Order Granting Defendant's Motion for Summary Judgment, the Court did determine that the Dr. Pepper Deal violated Rule 4-1.8(a) because it was not memorialized in writing, and thus Mursten could not sue to enforce it. DE 171 at 12–13. Mursten, however, raised several non-frivolous arguments in his papers opposing summary judgment that the agreement conformed to the requirements of the Rules Regulating the Florida Bar. See generally DE 124 at 16–18. Though the Court ultimately ruled against Mursten, the Dr. Pepper Deal was not so obviously unenforceable as contrary to the Rules Regulating the Florida Bar that Mursten's claim was left without a colorable basis. The Court thus declines to sanction Mursten for attempting to assert rights under an unenforceable agreement.

## III. **CONCLUSION**

In sum, the Court finds that Mursten's claim in this action for breach of the Dr. Pepper Deal—though ultimately unsuccessful—was not frivolous. Nor has Caporella shown that Mursten acted in bad faith or vexatiously multiplied these proceedings. Accordingly, the Court will deny Caporella's request for sanctions. It is thereupon

**ORDERED AND ADJUDGED** that Defendant's Motion for Sanctions [DE 143] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 9th day of February, 2015.

*[signature]*
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF

7